UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
DAN GIURCA,
                        Plaintiff,
        -against-
MONTEFIORE HEALTH SYSTEM, INC., et al.,
                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2020

18-CV-11505 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the conference on March 4, 2020, it is hereby

ORDERED that:

1. <u>Plagiarism</u>. Defendants shall produce the three treatment notes (the original note by Dr. Hussain and the allegedly plagiarized notes by Drs. Perlmutter and Von Schorn) identified in the first paragraph of Dr. Giurca's August 3, 2016 email (Dkt. No. 69-4) and the two treatment notes (the original note by Dr. Giurca and the allegedly plagiarized note by Dr. Hussain) identified in the third paragraph of Dr. Giurca's August 4, 2016 email (Dkt. No. 69-6). Defendants shall also produce documents sufficient to show the billing codes for the examinations corresponding to all five notes described in this paragraph.

2. <u>Form 9.27 Issues</u>. With respect to each involuntarily committed patient referenced in ¶¶ 31-38 of the Amended Complaint (Dkt. No. 35), defendants shall produce the patient's initial psychiatric evaluation and the complete "form 9.27" for the admission in question.

3. <u>Redaction and Timing</u>. Defendants shall redact the documents in the manner previously agreed upon by the parties (for example, removing patient names) and shall correlate the documents to the allegations referenced above. Production shall be made no later than **March 19, 2020.**

All relief not specifically granted herein is DENIED. The Court notes, again, that this is not a *qui tam* action. Dr. Giurca's claims under the federal False Claims Act, 31 U.S.C. § 3730(h), the New York False Claims Act, N.Y. Fin. Law § 191, and the New York "Health Care Whistle-Blower Law," N.Y. Lab. Law § 741, sound only in retaliation. To prevail on such a claim the plaintiff must plead and prove (i) that he engaged in protected conduct; (ii) that defendants were aware of that conduct, and (iii) that they fired him or took other adverse

employment action against him in retaliation for that protected conduct. *See Giurca v. Orange Reg'l Med. Ctr.*, 2019 WL 6529285, at *2 (S.D.N.Y. Dec. 4, 2019) (dismissing plaintiff's federal FCA claim against a different employer); *State ex rel. Banerjee v. Moody's Corp.*, 4 Misc. 3d 1201(A), 50 N.Y.S.3d 28 (Sup. Ct. N.Y. Co. 2016) (New York FCA), *aff'd sub nom. Anonymous v. Anonymous*, 165 A.D.3d 19, 83 N.Y.S.3d 472 (1st Dep't 2018); *Pal v. New York Univ.*, 2013 WL 4001525, at *2 (S.D.N.Y. Aug. 6, 2013) (Lab. Law § 741), *aff'd,* 583 F. App'x 7 (2d Cir. 2014). If and to the extent Dr. Giurca's complaints about his former colleagues (including his complaints that they plagiarized his notes and failed to complete timely form 9.27s) constituted protected activity for purposes of one or more of these retaliation statutes, he is arguably entitled to discovery concerning the specific instances about which he complained. None of the claims he has asserted in this action, however, entitles him to the broader discovery he seeks, which is concededly designed to uncover additional instances of (as yet unknown) misconduct by the same former colleagues. *See* Joint Ltr. dated March 2, 2020 (Dkt. No. 69), at 1-2 (requesting "electronic sampling" of the records of all patients seen by Drs. Hussain, Perlmutter, and Von Schorn, to look for other "instances of plagiarized psychiatric records"); *id*. at 2 (requesting complete psychiatric records for all patients seen by Dr. Scher when he was "on call," to look for other occasions on which he "did not see patients and held them over for Dr. Giurca to handle").

      The parties are reminded that discovery closes on April 15, 2020. (Dkt. No. 44.)

Dated: New York, New York
       March 5, 2020

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**