# Robert W. Sadowski PLLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/14/2020

800 Third Avenue, 28th Floor                                    Fax: 646-503-5348
New York, New York 10022                                    rsadowski@robertwsadowski.com
Phone: 646-503-5341

*Via ECF*                                                                July 13, 2020

Hon. Barbara C. Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY



        Re:  *Giurca v. Montefiore Health System, Inc. et al.,*
              1:18-cv-11505 (ER)(BCM)

Dear Magistrate Judge Moses:

        We represent the Plaintiff Dr. Dan Giurca in the above-referenced case.  We respectfully request the Court's assistance in resolving a discovery dispute, which arose at the deposition of Defendant Dr. Claus von Schorn ("Dr. von Schorn").  On June 30, 2020, Plaintiff took the deposition of Dr. von Schorn.  During the deposition, Plaintiff asked several questions relating to Dr. von Schorn's knowledge of complaints made by Plaintiff to the New York State Office of Mental Health.  Attached hereto as Exhibit A are Dr. Giurca's complaints to OMH, which preceded an inspection of the hospital by the New York State Department of Health ("DOH"). (We expect the transcript of the deposition to arrive within the next day or two and will supplement this letter with relevant portions of the transcript).  During the deposition, Dr. von Schorn acknowledged that he had reviewed findings by the DOH Inspectors, who conducted a week-long inspection of Defendant Montefiore Mount Vernon from October 3 through 7, 2016. At that time, we requested the DOH findings of the inspection.  Defendants objected.  In an effort to resolve the objection, Plaintiff narrowed the request to findings pertaining to the Psychiatry Department and the Emergency Department consultation liaison from the Psychiatry Department.  The reason for the request is to determine whether Defendants had knowledge of Dr. Giurca's complaints to OMH and DOH.

        Following the deposition, Dr. Giurca directed our attention to an audio recording of a conversation between Dr. Giurca and Dr. von Schorn on October 10, 2016, discussing the DOH Inspection.  We are unable to file the audio as an exhibit, but we could provide it to the Court on disk.  Dr. Giurca also located among his files a letter from DOH acknowledging his complaints. A copy of that letter is also provided herewith as Exhibit B.  Within a day of receiving the audio, which we believed had been previously produced, we sent the DOH letter and recording to defense counsel with a letter explaining why the DOH findings should be produced.  Counsel then alerted us to the fact that the audio recordings and DOH letter had not been produced in discovery.[i]

On the October 10, 2016 recording, Dr. Giurca and Dr. von Schorn had a conversation about the DOH inspection.  Dr. von Schorn described the week-long inspection of several hospital departments as "intense."  Dr. Giurca asked whether DOH told the hospital who made the complaints and what the complaints were about.  Dr. von Schorn replied that DOH does not disclose that information, but by the nature of the inspectors' questions he, and presumably others at the hospital, can tell what the complaints were about.  Dr. von Schorn told Dr. Giurca that the complaints were about "patient care."  Dr. von Schorn stated that four particular patient cases were reviewed, and five doctors were called for questioning, Drs. von Schorn, Nager, Hussain, Scher, and Giurca.[ii]  These are the very doctors Dr. Giurca had centered his complaints about patient care.  Dr. Von Schorn revealed in his conversation with Dr. Giurca that Inspectors asked whether physician notes were correct, whether time frames in notes were correct, and stated that Inspectors asked about the time frames of patients being held in the Emergency Department, presumably waiting for Psychiatric consultations, which Dr. von Schorn admitted had to do with the Psychiatry Department.  In addition, the Inspectors specifically asked what happens when psychiatric consults are requested at night, another one of Dr. Giurca's specific complaints, and one that Dr. von Schorn admitted had to do with the Psychiatry Department.

A jury could reasonably conclude that the inspections, questions, cases reviewed, and selected physician interviews were triggered directly by Dr. Giurca's letters to the New York State Office of Mental Health, and that Defendants knew that Dr. Giurca was the source of the complaints, specifically; (1) on August 11, 2016 Dr. Giurca notified OMH that Dr. Scher refused to see patients in the ED for as much as 14 hours, and neglecting a 16-year-old-child.  *See* Ex. A also marked as V.S. Ex. 53; (2) on August 24, 2016, Dr. Giurca complained that Dr. Hussain refused to conduct a consultation during his shift from 5:00 pm on August 18 to 1:00 pm on August 19, 2016, Ex. A also marked as Weiss Ex. 4; (3) on September 22, 2016, Dr. Giurca complained that Dr. Scher refused to see a patient, *see* Ex. A also marked as Weiss Ex. 6; and (4) on September 29, 2016, Dr. Giurca complaint to OMH that Dr. Nager refused to see a patient for 14 hours, Ex. A hereto also as Weiss Ex. 7.

Drs. Nager, Scher, and von Schorn were all the subject of Dr. Giurca's internal complaints.  *See* D hereto marked as V.S. Exs. 34, 44 (August 3, 2016 internal complaint that Dr. Scher failed to see a patient).

The DOH inspectors' findings, particularly as to the Psychiatry Department are probative on the issue of Defendant's knowledge of Dr. Giurca's protected whistleblowing activities.  The inspection itself and its findings are also probative on the element of Dr. Giurca's retaliation complaint that he had a reasonable belief that Defendants were violating federal and state False Claims Acts and that Dr. Giurca's retaliation claim for whistleblowing involved patient care under New York State Labor law.

Respectfully submitted,

s/Robert W. Sadowski
Robert W. Sadowski

---

[i]     Upon being alerted that these items had not been produced we directed Dr. Giurca to re-review all his files for documents and audio recordings and produce all of them for our review. Upon receipt, we have made two supplemental productions of documents and recordings to defense counsel.

We note that Defendants have yet to produce documents required under the Court's March order.  *See* June 11, and 12 2020, email from counsel.  Attached as Ex. C.

[ii]    Drs. Giurca was on vacation and Dr. Scher was at Montefiore New Rochelle, and thus unavailable for the Inspectors' interview.

Application DENIED without prejudice to refiling in compliance with Moses Indiv. Prac. § 2(b). SO ORDERED.

Barbara Moses, U.S.M.J.
July 14, 2020