USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAN GIURCA,

        Plaintiff,

   -against-

MONTEFIORE HEALTH SYSTEM, INC., et al.,

        Defendants.

18-CV-11505 (ER) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has carefully reviewed the Declaration of Robert Sadowski, dated August 6, 2020 (Dkt. No. 93), as well as defendants' responding letter-brief dated August 10, 2020 (Dkt. No. 94), and has carefully considered to the presentations of counsel during the August 12, 2020 telephonic conference. For the reasons stated on the record during the conference, it is hereby ORDERED that defendants' request for discovery sanctions and related relief, first made in their July 20, 2020 letter (Dkt. No. 86), is GRANTED IN PART, pursuant to Fed. R. Civ. P. 37(a)(5) and this Court's inherent power to sanction discovery misconduct, *see Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002), as follows:

    1. <u>Duty to Preserve</u>. Plaintiff is reminded of his ongoing duty to preserve discoverable evidence, including audio recordings, emails, text messages, and other electronically stored information (ESI) relevant to any party's claim or defense in this action. Given the now undisputed fact that plaintiff failed timely to produce numerous audio recordings that were within the scope of defendants' document requests and were stored on his laptop computer, his Samsung S2 cellphone, and/or his Samsung S6 cellphone, plaintiff is expressly directed not to alter, delete, or modify any audio recordings, emails, text messages or other ESI currently stored on those devices, *whether or not he considers the material relevant to this action*, pending the completion of the forensic examination described in ¶ 2 below or further order of this Court.

2. <u>Forensic Examination</u>. Plaintiff shall promptly turn over both of his cellphones to his counsel, Mr. Sadowski, who shall arrange for a competent information technology (IT) professional to search the cellphones for any discoverable audio recordings, emails, text messages, or other ESI not yet produced and extract such material for production to defendants, all at plaintiff's expense. If reasonably practicable, the phones may be turned over one at a time, to be imaged or mirrored and returned to plaintiff, and the search may be conducted on the imaged or mirrored data. Mr. Sadowski is encouraged to consult with defendants' counsel in advance concerning the conduct of the searches, including search terms and other parameters. No later than **August 28, 2020**, plaintiff, through his counsel, shall produce all discoverable ESI not previously produced, together with an affidavit or sworn declaration describing the search and extraction process, including search terms and other parameters. If and to the extent this process uncovers additional audio recordings, emails, text messages, or other ESI that should have been previously produced, defendants may renew their request for an examination of plaintiff's laptop.

3. <u>Attorneys' Fees and Costs</u>. Defendants are entitled to their reasonable expenses, including attorneys' fees, incurred in responding to plaintiff's letter-motions dated July 13 and 14, 2020 (Dkt. Nos. 82, 84), pressing their own request for discovery sanctions, and conducting the renewed deposition of plaintiff, which was necessitated by his failure to timely produce audio recordings and other relevant evidence. Such expenses and fees shall be assessed jointly and severally against plaintiff and his counsel. If the parties are unable to resolve the amount of the sanction without further judicial intervention, defendants may file an application no later than **August 24, 2020**, supported by properly authenticated contemporaneous time records and documentation for other expenses. Plaintiff shall respond to the same no later than **August 31, 2020**. There shall be no reply. The application and response shall be limited to the amount of the sanction to be assessed in accordance with this Order.

4. <u>FOIL Request</u>. During the August 12 conference the Court was advised that plaintiff recently made a Freedom of Information Law request for the same New York State Department of Health findings (DOH Findings) that were the subject of plaintiff's unsuccessful July 13 and 14 letter-motions. No later than **August 14, 2020**, plaintiff shall produce copies of that FOIL request, and any related documents concerning efforts to obtain the DOH Findings other than through discovery in this action.

Dated: New York, New York
       August 12, 2020

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**