

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAN GIURCA,

        Plaintiff,

  -against-

MONTEFIORE HEALTH SYSTEM, INC., et al.,

        Defendants.

18-CV-11505 (ER) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received plaintiff's letter dated March 5, 2021 (Pl. Ltr.) (Dkt. No. 103), seeking permission to file a motion pursuant to Fed. R. Civ. P. 60(b)(3) to vacate the Stipulation of Voluntary Dismissal (Dkt. No. 100) by which this action was concluded, as well as defendants' opposition letter, dated March 10, 2021 (Dkt. No. 105), which argues that any such motion would be "wasteful, frivolous, and futile." *Id*. at 1.

    Judge Moses will conduct a telephonic pre-motion conference on **April 6, 2021, at 10:00 a.m.** At that time, the parties shall dial **(888) 557-8511** and enter the access code **7746387**. No further pre-motion letters will be accepted. However, the parties should be prepared to address the following issues:

    Rule 60(b)(3) permits the Court, in its discretion, to relieve a party from a final judgment on grounds of "fraud . . . misrepresentation, or misconduct ***by an opposing party***." (Emphasis added.) This case was not dismissed on motion by defendants. Instead, it was dismissed voluntarily, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), by means of a stipulation signed by Dr. Giurca personally. The stipulation was filed on August 25, 2020, shortly after this Court issued a discovery order, dated August 12, 2020 (Dkt. No. 95), directing plaintiff to produce his cellphones for forensic examination and awarding defendants their costs and reasonable attorneys' fees (in an amount not yet determined) incurred in litigating the underlying discovery issue. The sanctions were assessed jointly and severally against plaintiff and his then-attorney Robert Sadowski. Although the outcome of the discovery dispute was adverse for Dr. Giurca and his counsel, the sanction imposed was mild and in no way affected plaintiff's ability to litigate his claims on the merits.

    Dr. Giurca now contends, through new counsel, that he was pressured into dismissing those claims by attorney Sadowski, who told him that if he did not sign the stipulation, counsel would move for leave to withdraw, leaving plaintiff liable for the entire discovery sanction, and that if he did dismiss, opposing counsel would forgo the sanction. Pl. Ltr. at 1. Plaintiff further asserts that the August 12, 2020 discovery order was the result of a "series of mistakes" by attorney Sadowski, who among other things did a poor job of arguing the dispute during a telephonic conference held for that purpose. *Id*. at 1-2. Plaintiff adds that defendants also committed (unspecified) discovery misconduct, which – presumably due to the voluntary dismissal of his claims – "has not yet been addressed or resolved by this Court." *Id*. at 2.

Assuming, *arguendo*, that plaintiff could substantiate his allegations as to the conduct of his former counsel, it is not clear to this Court why relief would be available under Rule 60(b)(3). Plaintiff does not allege that the dismissal was caused by any species of fraud, nor by any misrepresentation or misconduct by the opposing parties. Rather, he contends, at best, that he made a decision to dismiss his own claims, which he now regrets, based on statements made to him by his own attorney,[1] who previously did a poor job protecting him from non-dispositive discovery sanctions.

Such a claim may or may not be cognizable in malpractice, but "does not usually provide a basis to set aside a judgment" pursuant to any subsection of Rule 60(b). *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) (holding that a plaintiff who accepted a modest Rule 68 offer of judgment based on her attorney's alleged threat to withdraw and false assertion that if plaintiff rejected the offer she risked "enormous" liability for defendants' costs and legal fees was not entitled to relief under Rules 60b)(1), (b)(3), or (b)(6)); *see also Batac v. Development Corp. v. B &R Consultants, Inc.*, 2000 WL 307400, at *4 (S.D.N.Y. Mar. 23, 2000) (quoting *U.S. v. 7108 West Grand Ave.*, 15 F.3d 632, 633 (7th Cir. 1994)) (rejecting vacatur motion under Rule 60(b)(1) and (b)(6) because "[m]alpractice, gross or otherwise, may be a good reason to recover from a lawyer but does not justify prolong litigation against the original adversary"). Nothing in plaintiffs' pre-motion letter suggests that a different result could be obtained here.

Dated: New York, New York
       March 15, 2021                              **SO ORDERED.**

                                                   **BARBARA MOSES**
                                                   **United States Magistrate Judge**

---

[1] Plaintiff does not explain what, if anything, was improper about attorney Sadowski's alleged statements. A New York attorney is permitted to seek leave to withdraw from a case for a variety of reasons, including a deterioration in the attorney-client relationship, which often follows a disagreement as to litigation strategy or a failure on the part of the client to cooperate with or follow the advice of the attorney. Since the discovery sanction issued by the Court was to be joint and several, Dr. Giurca would indeed remain liable for the entire amount (as would attorney Sadowski) unless defendants agreed not to pursue the sanction. If defendants offered to forgo the sanction in exchange for a voluntary dismissal, attorney Sadowski was ethically obligated to communicate that offer to his client.