UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAN GIURCA,

                Plaintiff,

– against –

MONTEFIORE HEALTH SYSTEM, INC., M.D. JEFFREY WEISS, M.D. CLAUS VON SCHORN, *and* M.D. GARY ISHKANIAN.,

                Defendants.

**OPINION & ORDER**

18-cv-11505 (ER) (BCM)

Ramos, D.J.:

      Dan Giurca brought this case against Montefiore Health System, Inc. ("Montefiore"), Jeffrey Weiss, Claus Von Schorn, and Gary Ishkanian (collectively, "Defendants"), asserting claims under the federal False Claims Act ("FCA") and related state law claims, including a claim for defamation. The case has been closed since August 25, 2020, when the parties filed a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Since then, Giurca has thrice attempted to vacate that voluntary dismissal and reopen the case pursuant to Rule 60.

      Before the Court is Magistrate Judge Barbara C. Moses' December 21, 2023 Report and Recommendation ("R&R") on the third of those attempts, in which Judge Moses recommended denying the motion to reopen. Doc. 139. For the reasons set forth below, the Court adopts the R&R. Giurca's motion to reopen is DENIED.

I.     BACKGROUND

      The Court assumes the parties' familiarity with the facts, particularly as Judge Moses thoroughly recounted them in her R&R. The Court summarizes Giurca's allegations only to the extent relevant to the instant motion.

      Giurca, a psychiatrist, filed this suit on December 10, 2018 against his former employer, Montefiore, and three senior Montefiore physicians, alleging that he was

forced to resign from his position at Montefiore Mount Vernon Hospital and thereafter barred from all Montefiore facilities in retaliation for whistleblowing on alleged patient neglect, Medicaid and Medicare fraud, and malpractice at the hospital. Doc. 139 at 1–2. He further alleges Montefiore then cost him his subsequent job at Orange Regional Medical Center ("ORMC"), which is part of a different hospital network, by creating a "security alert" with his photo, which it posted on the wall of the security office at a Montefiore facility in Wakefield. *Id.* at 2, 4. ORMC's chief of psychiatry saw the photo at the Wakefield facility, which Giurca alleged damaged his reputation at ORMC and ultimately led to his dismissal from that hospital as well. *Id.* at 4.

Following several discovery disputes in which both sides accused the other of significant discovery misconduct and intentionally withholding relevant discovery, the Court imposed sanctions against Giurca for his discovery misconduct. *Id.* at 4–6. At a conference held on August 12, 2020 to determine the sanctions to impose against Giurca for manipulation and intentional withholding of evidence, the parties made the following representations to Judge Moses regarding the state of discovery:

> THE COURT: With the possible exception of discreet issues which come up at one or more of these depositions, is all document discovery now complete as far as you are concerned, Mr. Sadowski [then counsel for Giurca]?
>
> MR. SADOWSKI: I think there are, as defendants alluded to in a footnote to the correspondence to the Court, there are I believe two documents that defendants have yet to produce that they categorize as elusive.
>
> THE COURT: These are billing sheets, right?
>
> MR. SADOWSKI: Yes, Your Honor.
>
> THE COURT: All right, and those are the only missing documents that you're aware of?
>
> MR. SADOWSKI: Yes, Your Honor.
>
> THE COURT: All right, Ms. Gambardella [Defendants' counsel]?
>
> MS. GAMBARDELLA: Yes.

2

> THE COURT: Do you concur with that status report regarding discovery?
>
> MS. GAMBARDELLA: I do, with one additional remark, Your Honor, and the reason we categorize them as elusive, is they are aged, they are, we just can't find them, we're going back through servers and possible third party providers to see if we can find them. So there's been no lack of diligence in that regard, but otherwise I concur.

Doc. 96 at 5:12–6:11.  Shortly thereafter, on August 25, 2020, the parties filed a stipulation of dismissal with prejudice.  Doc. 139 at 7.

On March 5, 2021, six and a half months after the dismissal, Giurca moved to vacate his voluntary dismissal pursuant to Rule 60(b)(3), which permits the Court to relieve a party from a final judgment for "fraud," "misrepresentation," or "misconduct by an opposing party."  *Id.* at 9.  Repeating allegations of discovery misconduct already made, Giurca alleged that Defendants withheld evidence and perjured themselves at their depositions.  *Id.* at 9–10.  Defendants served a motion for Rule 11 sanctions on Giurca pursuant to Rule 11(c)(2)'s safe harbor provision.  *Id.* at 10.  Giurca withdrew the Rule 60 motion three days prior to the expiration of the safe harbor period.  *Id.*

But, two weeks later, on June 28, 2021, Giurca again sought leave to file a vacatur motion, this time pursuant to Rule 60(b)(2), which permits the Court to relieve a party from a final judgment based on "newly discovered evidence."  *Id.* at 10.  In support of his motion, Giurca submitted emails produced in his parallel litigation against ORMC but which Montefiore never produced in the instant litigation, alleging the emails demonstrated that several witnesses had perjured themselves at their depositions.  *Id.* at 10–12.  Judge Moses denied the motion on July 1, 2021 on the basis that Giurca failed to meet his heavy burden under Rule 60(b)(2) because a diligent plaintiff would have taken steps to obtain emails from ORMC before voluntarily dismissing the case.  *Id.* at 12.  She also noted that the emails would not have changed the outcome of the case in any event, given that he had ample other evidence of Montefiore's alleged retaliation, and he chose

the outcome for himself through the voluntary dismissal. *Id*. at 12–13. Giurca did not file any objections to Judge Moses' decision, nor seek reconsideration. *Id.* at 13.

But on June 21, 2023, nearly two years later, Giurca again moved to vacate his voluntary dismissal, again arguing that newly discovered evidence showed that deponents committed perjury, and Montefiore deliberately concealed that evidence. *Id.* at 13. Giurca largely attached the same evidence submitted with his second motion, but his arguments in this instance were pursuant to Rule 60(d)(3), rather than 60(b)(2) or (b)(3), which permits the Court to set aside a judgment for "fraud on the court." *Id.* at 13–15.

Parsing Giurca's voluminous submissions, Judge Moses found that Montefiore had no access to, let alone responsibility to produce, most of the evidence Giurca alleges Montefiore intentionally withheld. *Id.* at 22–23. But there was a single email that should have been produced in discovery but was not ("the Email"). *Id.* at 22. Judge Moses stated that she "does not condone" Montefiore's failure to produce the Email, but "Rule 60(d)(3) 'cannot be read to embrace any conduct of any adverse party of which the court disapproves.'" *Id.* at 23–24 (quoting *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972)). She noted that the Second Circuit has held that allegations of nondisclosure of discovery evidence or perjury are not bases for vacatur under Rule 60(d)(3) because they are, "at worst, 'a fraud upon a single litigant' rather than 'a fraud upon the Court.'" *Id.* at 24 (collecting cases). Judge Moses further observed that any alleged discovery misconduct "could not have interfered with the [c]ourt's ability to perform its impartial task of adjudging cases because the [c]ourt was never asked to perform that task":

> Giurca did not lose this case at trial, or on a motion for summary judgment, or as a result of any other merits adjudication. Nor was he ever sanctioned under Rule 11. Instead, faced with garden-variety discovery sanctions, he executed a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), which required no judicial decision-making. Unsurprisingly, therefore, [Giurca] does not explain how

4

> [D]efendants' alleged misconduct affected the [c]ourt's adjudication of this case, as opposed to his own litigation decision-making.

*Id.* at 24 (internal citations and quotation marks omitted). Accordingly, as "[t]here must be an end to litigation someday," and Giurca made a "free, calculated, [and] deliberate" choice to dismiss his case, Judge Moses denied his motion on December 21, 2023. *Id.* at 25 (citation omitted).

Gircua submitted an objection to Judge Moses' R&R on January 4, 2024 (Doc. 140), to which Defendants filed an opposition on January 18, 2024 (Doc. 141).

## II.   LEGAL STANDARD

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the R&R for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.  DISCUSSION

Giurca makes only one objection to the R&R: that Judge Moses "trivialized the significance" of the fact that Montefiore's counsel represented to Judge Moses at the August 12, 2020 conference that Montefiore had produced all relevant documents, even though the Email had not been produced. Doc. 140 at 12. Giurca argues that, if he had

5

the Email, he would have had evidence that the security alert was circulated outside Montefiore to support his claim for defamation. *Id.* at 12–13. By failing to produce the Email, claiming that his claims were baseless, and threatening to seek sanctions, Giurca alleges Montefiore committed "attorney-sanctioned conduct [that] may constitute fraud on the court." *Id.* at 13. In other words, Giurca argues that the added fact of Montefiore's counsel's involvement in the withholding of the Email transforms it into a fraud upon the court within the meaning of Rule 60(d)(3). *Id.* at 13–14.[1]

Fraud on the court is "fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). The movant bears the burden of proving fraud upon the court by clear and convincing evidence. *Duka v. Alliance Tri-State Constr., Inc.*, 20-cv- 6648 (ER), 2021 U.S. Dist. LEXIS 186975, at *10–11 (S.D.N.Y. Sep. 29, 2021). A party commits fraud on the court when it knowingly acts to "set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Id.* (quoting *McMunn v. Memorial Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002)). It requires more than just a single instance of perjury. *Id.* at *10. Rather, courts in this Circuit generally require a "prolonged and calculated" scheme, "repetitive campaigns," or other similarly lengthy pattern of misbehavior before finding fraud on the court. *Id.* at *12–13 (collecting cases); *see also LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 135 (S.D.N.Y. 2009) (noting that "bribing a judge, tampering with a jury, and hiring an attorney for the purpose of influencing a judge are examples of fraud upon the court," but neither "allegations of nondisclosure during pretrial discovery" nor "[a]fter-discovery evidence of alleged perjury by a witness [or other fabricated evidence] is" enough (alternations in original)),

---

[1] The remainder of Giurca's brief rehashes the arguments in his original motion and is therefore reviewable for only clear error, which the Court does not find here. *See Ortiz*, 558 F. Supp. 2d at 451.

*aff'd* 367 F. App'x 180 (2d Cir. 2010); *Azkour v. Little Rest Twelve,* No. 10-cv-4132 (RJS), 2017 WL 1609125, at *8 (S.D.N.Y. Apr. 28, 2017) (noting that fraud on the court is distinct from fraud on an adverse party).

      Giurca's objection to the R&R fails for several reasons.  First, fraud upon the court requires intentionality.  *See Duka*, 2021 U.S. Dist. LEXIS 186975, at *10–11 (describing fraud upon the court as requiring a party to "act[] knowingly," to "sentiently set in motion some unconscionable scheme," or otherwise "deliberately," "intentionally[,] and repeatedly" act).  Giurca has not demonstrated that the failure to produce the Email was intentional rather than inadvertent.  At the August 12, 2020 conference—which was held primarily to adjudicate *Giurca's* extensive and intentional discovery misconduct—the Court first asked Giurca's counsel whether document discovery was complete.  Doc. 96 at 5:12–6:11.  After he indicated that only two documents were outstanding, Defendants' counsel concurred with Giurca's counsel and noted that the outstanding documents were difficult to find despite extensive searches.  *Id.*  Neither party discussed the production of emails.  There is nothing in the record before the Court to suggest that the failure to produce the Email was intentional, as opposed to inadvertent, particularly given the innumerous discovery issues in the case, or that Defendants' counsel had awareness of the Email.  That is far from the clear and convincing evidence necessary to show fraud on the court.  *See Duka*, 2021 U.S. Dist. LEXIS 186975, at *10–11.

      Second, *even if* Defendants' counsel's inaccuracy as to the completion of discovery was intentional, that is still not the "prolonged and calculated" scheme, "repetitive campaigns," or other similarly lengthy pattern of misbehavior necessary for a finding of fraud on the court.  *Id.* at *12–13.  And Giurca has provided no authority that a single misrepresentation—even if by counsel, rather than by a litigant—is enough for fraud upon the court.  A single instance of perjury is not fraud upon the court, *see id.* at *10, nor is pretrial discovery nondisclosure during pretrial or fabricated evidence, *LinkCo*, 615 F. Supp. 2d at 135.  And the alleged intentional withholding of the Email

7

does not rise to a level like that of "bribing a judge, tampering with a jury, [or] hiring an attorney for the purpose of influencing a judge." *See id.* Accordingly, Giurca has simply failed to show fraud upon the court.

Finally, *even if* the misrepresentation was intentional *and* a single misrepresentation could constitute fraud upon the court, it is nonetheless fatal to Giurca's argument that the case was disposed of based on *his* voluntary dismissal. As Judge Moses noted, any alleged discovery misconduct "could not have interfered with the [c]ourt's ability to perform its impartial task of adjudging cases because the [c]ourt was never asked to perform that task." Doc. 139 at 24. No judicial decision-making was required because Giurca voluntarily dismissed the case. *Id.* at 24–25. At most, the misconduct affected Giurca's litigation decision-making, rather than any court action. *Id.* at 24. But fraud on an adverse party fraud is not the same as fraud upon the court. *Azkour,* 2017 WL 1609125, at *8.

Accordingly, the Court agrees with Judge Moses that Giurca has failed to satisfy his heavy burden to show fraud upon the court and properly denied his motion to reopen.[2]

## IV.   CONCLUSION

For the foregoing reasons, Giurca's motion to reopen is DENIED. The Clerk of Court is respectfully directed to terminate the motion (Docs. 135, 140).

It is SO ORDERED.

Dated:   March 20, 2024
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.

---

[2] In the conclusion of Defendants' response in opposition to Giurca's objections, they ask that the Court, in addition to adopting the R&R in full, also "enter an Order prohibiting [Giurca] from initiating any attempts to reopen this case without first seeking Court approval [and] award Defendants their costs and disbursements incurred in opposing [Giurca's] baseless motion." Doc. 141 at 23. Those issues were not raised before Judge Moses nor mentioned anywhere in the R&R—which also means Giurca never had an opportunity to respond to the requests. Accordingly, the Court will not decide the requests here.